UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James S. Keller,

           Plaintiff,      Case No. 24-mc-50986

v.                                Judith E. Levy
                                 United States District Judge
$1,097,074 in United States
Currency,

           Defendant.

_____/

## ORDER DISMISSING THE CASE
## WITHOUT PREJUDICE

On August 19, 2024, *pro se* Plaintiff James S. Keller filed the verified petition (described as a "Petition for Judicial Forfeiture") in this matter. (ECF No. 1.) Petitioner named as Defendant "$1,097,074 in United States Currency" ("the Currency"), (*Id.*; ECF No. 11), and as "Interested Party" the United States of America. (*Id.*)

On March 24, 2025, the Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2 and for lack of subject matter jurisdiction. (ECF No. 3, PageID.15.) The Court also

ordered Plaintiff to show cause if the United States District Court for the Eastern District of Michigan is the proper venue for this suit, and why Plaintiff has not served or otherwise notified the United States of this suit. (*Id.*) Plaintiff's response was due on or before May 1, 2025. (*Id.*) As of this date, Plaintiff has not yet responded to the Court's order.

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The Court dismisses the case without prejudice due to Plaintiff's failure to comply with the Court's order and his failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b)

"provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff did not correct the deficiencies in his complaint and has not responded to the Court's order to show cause. "Although his conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim[s], which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir.

2005)). Here, no entity besides Plaintiff has begun litigating this case and, as such, no entity is prejudiced by Plaintiff's conduct.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff that his "petition contains deficiencies that prevent the furtherance of this case" and "[i]f Plaintiff wishes to continue this case, he must address, in writing, these deficiencies [in the Court's order to show cause]." (ECF No. 3, PageID.12–13.)

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order regarding the deficiencies in Plaintiff's complaint, and the Court gave Plaintiff ample time to correct the deficiencies identified in that order. (ECF No. 3.)

Three of the four factors favor dismissal. As such, the Court therefore concludes that it is not an abuse of discretion to dismiss this

case for failure to comply with the Court's order and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 27, 2025                    s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager